UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

UNITED STATES OF AMERICA :
:
: CRIMINAL NO. 3:05 CR 49 (RNC)
:
v. :
:
: 18 U.S.C. § 371 [Conspiracy]
SETH KLEINBERG : 18 U.S.C. § 2319 [Copyright Infringement]
a/k/a "Basilisk," : 17 U.S.C. § 506(a) [Copyright Infringement]
a/k/a "Horde" : 17 U.S.C. §1201(a) [Circumvention of
: Copyright Protection Systems]

2005 MAR -8 P 1: 40

DISTRICT COURT
___, CT.

I N F O R M A T I O N

The United States Attorney charges that:

**COUNT ONE**
**(Conspiracy)**

I. Background

1. At all times relevant to this Information, persons known and unknown to the

Government were participants in the "warez scene" -- that is, individuals and organized groups of

individuals ("warez groups") who engage in the duplication, modification, reproduction, and

distribution of copyrighted software over the Internet, in violation of federal copyright law.  Such

participants in the warez scene would obtain access to "pirated" software -- that is, computer

software, games, movies, and music files that had been "cracked" (i.e., had their copyright

protections removed or circumvented) by other participants in the warez scene.  Such participants

in the warez scene would then distribute such pirated software to various file storage sites ("FTP

sites") on the Internet for others to access, reproduce, and distribute.

II. Object of the Conspiracy

2. Beginning at a time unknown, although no later than in or about June of 2000, and

continuing through in or about April 2004, in the District of Connecticut and elsewhere, the

defendant **SETH KLEINBERG, a/k/a "Basilisk, a/k/a "Horde,"** and others known and

unknown to the Government (the "Conspirators") did knowingly and willfully conspire,

combine, confederate, and agree to commit an offense against the United States --to wit, to

willfully infringe the copyright of a copyrighted work for purposes of commercial advantage and

private financial gain, by reproducing and distributing during a 180-day period ten (10) or more

copies of one or more copyrighted works, which have a total retail value of more than $2,500, in

violation of Title 18, United States Code, Section 2319(b)(1), and Title 17, United States Code,

Section 506(a)(1).

### III.  Manner and Means of the Conspiracy

3.    It was a part of the conspiracy that the Conspirators were participants in the "warez

scene" -- that is, individuals and organized groups of individuals ("warez groups") who engage in

the duplication, modification, reproduction, and distribution of copyrighted software over the

Internet, in violation of federal copyright law.

4.    It was further part of the conspiracy that the Conspirators obtained copyrighted

works, including but not limited to personal computer and console games, for the purpose of

defeating the copy protection and identification devices in that media.  The Conspirators would

transfer or upload this electronic media onto various FTP sites, where they would endeavor to

defeat the copy protection and identification devices on the media. Once these devices were

defeated, the Conspirators would duplicate and distribute copies of the illegally duplicated

("pirated")  media to FTP sites under their control, for the purpose of further duplication and

distribution of the pirated media to other FTP sites and unauthorized users of the media.

5.   It was a part of the conspiracy that the Conspirators would establish and maintain a number of FTP sites consisting of one or more computers connected to the Internet for the purpose of receiving, storing, and distributing pirated software.  Some of these FTP sites were known in the warez scene at various times as Alphaville ("APV"), DOH, Datastream ("DS"), Fireblade ("FB"), Firesite Drop ("FSDrop"), Firesite ISO ("FSISO"), Firesite ISO Archive ("FSISO Archive"), Optical Illusion ("OI") , The West Wall (TWW"), and UCF (a/k/a UCFE, a/k/a "Pimp").

6.   It was further a part of the conspiracy that the Conspirators would also obtain access to "pirated" software -- that is, computer software, games, and movies that had been "cracked" (i.e., had their copyright protections removed or circumvented) by other participants in the warez scene. The Conspirators would then distribute such pirated software to various file storage sites ("FTP sites") on the Internet for others to access, reproduce, and distribute. It was further a part of the conspiracy that the Conspirators would obtain access to pirated software, generally from other FTP sites, and then transfer or upload those copyrighted works to several sites operated by and for members of the Fairlight group and other groups, including the Kalisto and Echelon warez groups. This was done with the knowledge and intent that those copyrighted works would be further accessed, reproduced, and distributed by additional Conspirators.  Over the course of this conspiracy, these sites accumulated tens of thousands of digital files, consisting of copyright-protected software programs, PC and console games, movies, and music files.

7.   It was further a part of the conspiracy that, in exchange for supplying copyrighted versions of computer and computer console games, defendant **SETH KLEINBERG** and other Conspirators would obtain a number of pirated copies of copyrighted works for their own personal use and enjoyment.

Overt Acts

8.   In furtherance of the above conspiracy, and in order to effectuate the objects thereof, the following overt acts, among others, were committed within the District of Connecticut and elsewhere:

a.   From in or about 2003 through in or about April 21, 2004, on numerous occasions, the defendant **SETH KLEINBERG** obtained from computer game manufacturers and other sources copyrighted versions of computer and console game software and uploaded this copyright-protected software and portions thereof to a computer system used by members of a number of illegal "warez" groups, including the group "Fairlight," so that other members of these groups could use the information to remove copy protections and identification information in that game software and illegally duplicate and distribute that copyrighted software and versions thereof.

b.   From in or about 2003 through in or about April 21, 2004, the defendant and coconspirators known and unknown to the United States Attorney uploaded and downloaded thousands of pirated copyrighted works to and from several computer systems operated by members of the warez group Fairlight and its affiliated groups, including the Kalisto and Echelon groups, with the knowledge and intent that those copyrighted works would be further accessed, reproduced, and distributed by additional Conspirators.  In total, over the course of the above conspiracy, the Conspirators stored and distributed thousands of individual copyrighted works over the FTP sites operated by these groups, including Alphaville ("APV"), DOH, Datastream ("DS"), Fireblade ("FB"), Firesite Drop ("FSDrop"), Firesite ISO ("FSISO"), Firesite ISO Archive ("FSISO Archive"), Optical Illusion ("OI") , The West Wall (TWW"), and UCF (a/k/a UCFE, a/k/a "Pimp") -- with many of those copyrighted works being reproduced and distributed

-4-

more than once.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

On or about February 10, 2004, **SETH KLEINBERG, a/k/a "Basilisk, a/k/a "Horde,"**

and others known and unknown to the Government, in the District of Connecticut and elsewhere,

did willfully, and for purposes of commercial advantage and private financial gain, circumvent a

technological measure that effectively controls access to a work protected under Title 17 of the

United States Code, all in violation of Title 17, United States Code, Sections 1201(a)(1)(A), and

1204(a)(1) and Title 18, United States Code, Section 2.

THE UNITED STATES OF AMERICA

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

PETER S. JONGBLOED
SUPERVISORY ASSISTANT U.S. ATTORNEY

MARIA A. KAHN
ASSISTANT U.S. ATTORNEY

EDWARD CHANG
ASSISTANT U.S. ATTORNEY

KENNETH L. DOROSHOW
SENIOR COUNSEL, CCIPS, U.S. DOJ