UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

―――――――――――――――――――――――X
UNITED STATES OF AMERICA, :
 :
Plaintiff, : Crim. No.: 3:05cr49 (RNC)
 :
v. :
 :
SETH KLEINBERG, :
 : August 23, 2007
Defendant. :
―――――――――――――――――――――――X

### DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM AND RESPONSE TO GOVERNMENT'S MEMORANDUM OF LAW IN AID OF SENTENCING

Seth Kleinberg, the defendant (hereafter "Mr. Kleinberg"), respectfully submits this supplemental memorandum response to the Government's Memorandum of Law in Aid of Sentencing ("Government Memo.") and in further support of Mr. Kleinberg's Sentencing Memorandum and Supplemental Sentencing Memorandum ("Supplemental Memo."), previously filed in this case.[1]

### I. PRELIMINARY STATEMENT

The Government seeks to deny Mr. Kleinberg a downward departure based upon his mental condition. Apparently, in the Government's view, Mr. Kleinberg simply is not sick enough to warrant a downward departure. See Government Memo., p. 12. But Mr. Kleinberg's condition and the adverse effects he feels daily cannot be minimized. Mr. Kleinberg has suffered nearly all of his life from the pain and pressures associated with attention deficit hyperactivity

---

[1] We do not address the sentences that have been imposed on other defendants who have come before this Court as a result of this investigation, other than to say that none of them have received sentences of incarceration. The Court well knows that disparity of sentences among similarly situated defendants is a factor that much be taken into account, recognizing, of course, that each case, and each defendant, is unique.

disorder ("ADHD") and Asperger's Disorder ("Asperger's"),[2] two unfortunately genuine and serious disorders.

The role of ADHD and Asberger's in Mr. Kleinberg's life cannot be ignored. These disorders, which perhaps might be better termed "illnesses," affect Mr. Kleinberg in a painfully real manner – they invade nearly every aspect of his life, and of his being. These disorders do not simply cloud his judgment; they control it. The world Mr. Kleinberg inhabits is not a world of reason or rational judgment, or even of controlled impulses. Right and wrong – to Mr. Kleinberg – must account to the whims of ADHD, the nuances of Asperger's Disorder, and to the reality that the two illnesses ultimately create for Mr. Kleinberg. Life is beyond his control in many unfortunate respects.

Mr. Kleinberg has previously submitted to this Court a Psychiatric Report prepared by Dr. David W. Previn (the "Previn Report") that confirms diagnosis of ADHD and Asperger's See Supplemental Memo., pp. 1-10. The Previn Report concludes that the presence of these disorders inexorably shaped Mr. Kleinberg's behavior. Supplemental Memo., pp. 1-2. The Previn Report is strong evidence of a causal connection between Mr. Kleinberg's disorders and his involvement in the instant offense. Supplemental Memo., pp. 1-2.

Mr. Kleinberg satisfies the standard for a diminished capacity downward departure, or, at least, a substantially reduced non-Guidelines sentence.

## II.   DISCUSSION

### A.   Mr. Kleinberg Meets The Standard For Diminished Capacity.

The Sentencing Guidelines allows a downward departure if "(1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly

---

[2] *See, e.g.*, "Personal History, Parallel Play, A Lifetime of Restless Isolation Explained: Living With Asperger's Syndrome" by Tim Page, *The New Yorker*, August 20, 2007, p. 36.

to the commission of the offense." U.S.S.G. § 5K2.13. "Significantly reduced mental capacity" means that the defendant had "significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." U.S.S.G. § 5K2.13 cmt. 1. The departure is available where there exists "a causal link between the reduced capacity and the commission of the charged offense. "See United States v. Prescott, 920 F.2d 139, 146 (2d Cir. 1990.) The Government's only recourse to avoid the 5K2.13 departure, is to implore the Court to ignore the Previn Report.[3] To do so, however, would be to ignore the facts as they are. Mr. Kleinberg's a seriously ill man without the ability to control his judgments.

As detailed in Mr. Kleinberg's Sentencing Memorandum and Supplemental Memorandum, the Previn Report concluded that Mr. Kleinberg suffers from ADHD and Asperger's. ADHD is often "characterized by inattention to one's surroundings and hyperactivity with intrusive and impulsive[ ] behavior[.]" Previn Report, p. 2. Asperger's is characterized by "an inability to recognize social cues resulting in a failure to relate to others normally." Id. Individual's suffering from Asperger's have "an intense and excessive single area of interest to the exclusion of other aspects of life." Id. Indeed, "[b]oth disorders cause severe impairment in social, academic and occupational activities. They are also considered to result from brain dysfunction." Id.

The Previn Report reveals that these mental disorders absolutely shaped Mr. Kleinberg's behavior and conduct from an early age. Id., e.g., pp. 4-5. Moreover, these disorders affected

---

[3] While the Government is technically correct that a court is not bound by the opinion of an expert (Government Memo., p. 13), certainly the opinion of an expert is entitled to more than considerable weight. Even if the Court will ultimately formulate its own assessment of a defendant's mental state, the opinion of an established professional with expertise on a subject cannot be ignored. Here, the Previn Report is particularly detailed and thus cannot be ignored. It establishes with acute clarity that Mr. Kleinberg suffers reduced mental capacity as a result of his illnesses and, further, that there is a causal link between reduced mental capacity and the commission of the offenses charged in the Indictment.

Mr. Kleinberg's behavior with respect to the instant offense. Though the Government glosses over the Previn Report and suggests Mr. Kleinberg's condition is of recent vintage, the Previn Report and Mr. Kleinberg's Memorandum show otherwise.

First and foremost, Mr. Kleinberg's condition is not temporally isolated. In fact, the Previn Report shows that Mr. Kleinberg's suffering from ADHD and Asperger's manifested at a an early age. The Previn Report notes that Laurie Kleinberg, Mr. Kleinberg's mother noticed changes in her child around ages four and five, notably, "excessive physical activity as well as an unusual preoccupation with mechanical things." Previn Report, p. 4.; see also Supplemental Memo., pp. 1-10 (discussing letters offered by relatives detailing Mr. Kleinberg's conditions from an early age).

Second, as Mr. Kleinberg grew older, his condition became so severe, that he had to turn to the Internet to escape from the effects of his disorders. Supplemental Memo., pp. 4-6 (citing letters showing that Mr. Kleinberg escaped to the Internet to compensate for being a "social outcast"). To this end, the Government misconstrues Mr. Kleinberg's involvement in the so-called "Warez" scene. Government Memo; pp. 14-15. Mr. Kleinberg engaged in the "Warez" scene because it was one of the only outlets he had from the disorders – indeed the Internet may have been the only forum where Mr. Kleinberg's mental infirmity could go unnoticed. The record shows that he found it "fun", not because of the legal ramifications, but because the "competition" fostered in the "Warez" scene permitted Mr. Kleinberg to escape the ordinary confines of his disorders.

The Government's salvo that Mr. Kleinberg could have joined thousands of other online forums or communities is ill-informed and of no value. Government Memo p.15. No one can refute the fact that the other forums on the Internet were available to Mr. Kleinberg. However,

MRP/33033/2/85040v1
08/23/07-SPT/

the vast majority of those forums, *e.g.*, a forum on gardening, would hardly have provided a respite from his disorders. Dr. Previn addresses this directly:

> Seth's attraction to the Fairlight group was acceptance. Because this interaction was via cyberspace, there was little risk of being shunned as he was with real human contact. Apparently, Seth's input to the group was not at a high theoretical level. He suggested the games, noted some areas to attack, but the critical task of breaking the safe guards fell to others, who presumably were not sophisticated. Seth admits that he knew his acts in Fairlight were unlawful but his desperation for positive recognition played a role in his faulty judgment and failure to appreciate the consequences of his illegal behavior.

Previn Report, p. 3. The connection between his disorders and the alleged offense is irrefutable.

Finally, downward departures under U.S.S.G. §5K2.13 are not out of the ordinary, and are, in fact, one of the few "favored" departures under the Guideline regime. See, e.g., *United States v. Checoura*, 176 F.Supp.2d 310, 312 (D. N.J. 2001) ("[d]epartures for diminished mental capacity are encouraged by the Sentencing Guidelines. There is no serous doubt that failures of will, as well as understanding, are embraced by §5K2.13"), *United States v. Scarborough*, 2004 U.S. Dist. LEXIS 20272, *13 (S.D.N.Y. 2004). Certainly, diminished capacity has renewed significance in the context of a non-Guidelines sentence. See United States v. Booker, 543 U.S. 220 (2005). The law makes room for circumstances such as Mr. Kleinberg's, where a defendant is so controlled by his disorders, that a lesser sentence is well warranted.

MRP/33033/2/85040v1
08/23/07-SPT/

## III. CONCLUSION

For the foregoing reasons, and the reasons provided in Mr. Kleinberg's Sentencing Memorandum and Supplemental Sentencing Memorandum, a downward departure or non-Guidelines sentence to a sentence involving no incarceration is especially warranted in this case.

Respectfully Submitted,

By: /s/Harold James Pickerstein
Harold James Pickerstein (ct05094)
Pepe & Hazard LLP
30 Jelliff Lane
Southport, CT 06890
(203) 319-4000
(203) 259-0251 fax
hpickerstein@pepehazard.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2007, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Edward Chang, Esq.
United States Attorney's Office
157 Church St.
New Haven, CT 06510

Otto Rothi
United States Probation Officer
United States Probation Office
450 Main Street
Hartford, CT 06103

/s/ Harold James Pickerstein