UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES | JUDGMENT |
|---|---|
| V. | CASE NO. 3:05-CR-49(RNC) |
| | USM NO: 16667-014 |
| SETH KLEINBERG | |
| 1590 Knollwood Terrace | Government's Counsel: |
| Pasadena, CA 91103 | Edward Chang |
| | Assistant United States Attorney |
| | 157 Church Street |
| | New Haven, CT 06510 |
| | |
| | Defendant's Counsel: |
| | H. James Pickerstein |
| | Pepe & Hazard |
| | 30 Jelliff Lane |
| | Southport, CT 06490 |

The defendant pleaded guilty to counts one and two of an information.  Accordingly, the defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Criminal Copyright Infringement | April 21, 2004 | one |
| 17 U.S.C. § 1201(a)(1)(A) | Circumvention of Copyright Protection Systems | April 21, 2004 | two |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.  The Court departs downward pursuant to U.S.S.G. § 5K2.13 (Diminished Capacity) or, alternatively, imposes a nonguidelines sentence. Considering the history and characteristics of the defendant, and the nature and circumstances of his offense conduct, a sentence of incarceration would be harsher than necessary to reflect the seriousness of his offense conduct, punish him, and deter him from engaging in criminal conduct.  The defendant participated in infringing activity for nonpecuniary motives as part of the "warez scene" while suffering from Asperger's syndrome, which significantly impaired his ability to control behavior he knew was wrongful.  Since his first contact with law enforcement in connection with this matter, he has cooperated fully and it is highly unlikely he will offend again.  A sentence of incarceration also would be harsher than necessary to deter others in this country from engaging in similar conduct (the "warez scene" reportedly has been virtually eliminated in this country as a result of the arrests in this and related cases).  A sentence of incarceration would give undue weight to the speculative effect such a sentence might have on copyright law enforcement efforts outside the United States, while giving too little weight to the significant adverse effect incarceration would have on the defendant due to his mental disorder.  Finally, a sentence below the advisory guideline range is necessary to avoid unwarranted disparity in sentencing because similarly situated defendants have received sentences of probation.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of time served.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant will be on supervised release for a term of 3 years on count one, and 3 years on count two, the two terms to run concurrently, for a total term of 3 years.  While on supervised release the defendant will be subject to the mandatory and standard conditions of supervised release set forth below at page 3.  In addition, the following special conditions are imposed:

1.  The defendant will participate in a program of mental health evaluation, counseling and treatment under the direction of the Probation Office.  The defendant will pay all or part of the costs associated with this treatment based on his ability to pay in an amount to be determined by the Probation Office.

Page 2

2. The defendant will pay a fine in the amount of $15,000, at a rate of $500 per month. Interest on the fine is waived.

3. The defendant will complete 200 hours of community service at the direction of the Probation Office, at the rate of 20 hours per month.

4. The defendant will not open new lines of credit or incur significant new credit card charges without the prior permission of the Probation Office until the fine is paid in full.

5. The defendant will provide the Probation Office with access to requested financial information.

**MONETARY PENALTIES**

In addition to the fine noted above, the defendant will pay a special assessment of $100.00 on each count, for a total of $200.00, which the Court notes was paid in full on March 8, 2005.

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the fine and special assessment imposed by this judgment are paid.

**September 17, 2007**
Date of Imposition of Sentence

___/s/_____
Robert N. Chatigny, U.S.D.J.
Date: September 20, 2007

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

John F. Bardelli
United States Marshal

By _____
Deputy Marshal

***CERTIFIED AS A TRUE COPY***
***ON THIS DATE.*** _____
***Kevin F. Rowe, Clerk***

***BY:*** _____
      ***Deputy Clerk***

Page 3

**CONDITIONS OF PROBATION/SUPERVISED RELEASE**

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ■ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ☐ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ■ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
14. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

**(Signed)** _____       _____
           **Defendant**                                                                            **Date**

_____       _____
**U.S. Probation Officer/Designated Witness**                     **Date**